IN THE CIRCUIT COURT FOR THE
7TH JUDICIAL CIRCUIT IN AND FOR
ST. JOHNS COUNTY, FLORIDA

CHRISTOPHER CONDUFF,

       Plaintiff,

v.                                                                  CASE NO.: **CA23-2114**

RING POWER CORPORATION, a
Florida Profit Corporation,

       Defendants.

_____/

## **COMPLAINT**

    Plaintiff, CHRISTOPHER CONDUFF ("Plaintiff"), by and through the undersigned counsel, hereby sues Defendants, RING POWER CORPORATION, a Florida Profit Corporation, ("Defendant" or "RING"), and alleges as follows:

    1.  This is an action for damages pursuant to Title VII of the Civil Rights Act of 1964, 42 U.S.C. § 2000e-2 ("Title VII"); and the Florida Civil Rights Act of 1992, Florida Statutes, Chapter 760, *et seq*. ("FCRA"), and Retaliation under the above statutes, in order to redress injuries resulting from Defendant's unlawful sex and gender-based discriminatory treatment of Christopher Conduff.

    2.  At all times material hereto, Plaintiff was a resident of Orlando, Florida.

    3.  Defendant, RING, is authorized to conduct business in the State of Florida and has its principal place of business at 500 World Commerce Pkwy in St. Augustine, St. Johns County, Florida.

4.   Venue is proper because RING, is located in St. Augustine, Florida, does business in St. Johns County, the rest of Florida and all actions which are the basis of this complaint occurred in St,. Johns County.

5.   All conditions precedent for the filing of this action before this Court have been previously met, including the exhaustion of all pertinent administrative procedures and remedies.

## FACTUAL ALLEGATIONS COMMON TO ALL COUNTS

6.   Plaintiff is a male and as such is an individual within a class of individuals protected by Title VII and the FCRA.

7.   Plaintiff commenced employment with Defendants in 2021 as an hourly employee earning $31 per hour as a team lead for the southern territory.

8.    Plaintiff complained to his supervisor Mark Carter about sexual harassment while at work.

9.   Harassment was done by Shane McLaughlin, a board member of the corporation who has oversight and decision making authority with respect to all aspects of this employer.

10.  Shane offered Plaintiff the job and Plaintiff accepted the job, in fact, giving notice to his prior employer and leaving that job at Shane's insistence.

11. Though Plaintiff was unaware of Shane's sexual aggressiveness and motives, Plaintiff learned of same after the job began through text messages, drunken touching and kissing forced on Plaintiff by Shane even over Plaintiff's objections.

12. Plaintiff objected directly to Shane, who is directly over Mark Carter and his supervisor by two levels.  Plaintiff actually complained to both.

13. Shane threatened Plaintiff noting that he was very close to HR Rep Cindy Jones and implied that they would come up with a pretextual reason to terminate Plaintiff.

14. Due to Plaintiff's refusal to engage in sexual acts with Shane, Shane arranged for plaintiff to be terminated and perpetuated an aggressive concerted attack against plaintiff through lies and deceit using his own HR department and Plaintiff's manager to fabricate a false termination situation.

15. Shane actually told Plaintiff he was better qualified for the position than the individual given the job Plaintiff had applied for through a promotion. This was true even though that employee had been with the company for over a dozen years.

16. Plaintiff was denied the position in retaliation for his refusal to engage in sex acts and a relationship with Shane.

17. Plaintiff hereby adopts and incorporates his Charge herein as **EXHIBIT A**.

18. Plaintiff hereby adopts and incorporates the Right to Sue as **EXHIBIT B**.

19. Plaintiff was harassed an discriminated against due to his sex as a male.

20. Plaintiff timely dual filed a Charge of Discrimination with the United States Equal Employment Opportunity Commission and the Florida Commission on Human Relations (EEOC Charge No. 510-2023-04306).

21. The EEOC issued a right to sue on September 19, 2023 signed by Evangeline Hawthorne, director. This document was copied to Defendant Mark Carter at Ring Power Corporation at the address listed above in St. Augustine, It was also copied to their counsel at Foley & Lardner LLP. Today is December 18, 2023 and as such, this complaint is timely under the FCRA and Title VII.

22. The Plaintiff has retained the undersigned counsel in order that his rights and interests may be protected. The Plaintiff has thus become obligated to pay the undersigned a reasonable attorney's fee.

## COUNT I
### *Gender/Sex Discrimination in Violation of the FCRA*

23. Plaintiff re-adopts each and every factual allegation as stated in paragraphs 1-**22** above as if set out in full herein.

24. Plaintiff is a member of a protected class under the FCRA as a Male.

25. By the conduct describe above, Defendants have engaged in discrimination against Plaintiff because of Plaintiff's gender and subjected the Plaintiff to gender-based animosity.

26. Such discrimination was based upon the Plaintiff's gender in that Plaintiff would not have been the object of discrimination but for the fact that Plaintiff is a male.

27. Defendants' conduct complained of herein was willful and in disregard of Plaintiff's protected rights. Defendants and their supervisory personnel were aware that discrimination on the basis of gender was unlawful but acted in reckless disregard of the law.

28. At all times material hereto, the employees exhibiting discriminatory conduct towards Plaintiff possessed the authority to affect the terms, conditions, and privileges of Plaintiff's employment with the Defendants.

29. Defendants retained the employees who exhibited discriminatory conduct toward the Plaintiff and did so despite the knowledge of said employees engaging in discriminatory actions.

30. As a result of Defendants' actions, as alleged herein, Plaintiff has been deprived of rights, has been exposed to ridicule and embarrassment, and has suffered emotional distress and damage.

31. The conduct of Defendants, by and through the conduct of its agents, employees, and/or representatives, and the Defendant's failure to make prompt remedial action to prevent continued discrimination against the Plaintiff, deprived the Plaintiff of statutory rights under federal and state law.

4

32. The actions of the Defendants and/or its agents were willful, wanton, and intentional, and with malice or reckless indifference to the Plaintiff's statutorily protected rights, thus entitling Plaintiff to damages in the form of compensatory and punitive damages pursuant to state and federal law, to punish the Defendants for their actions and to deter them, and others, from such action in the future.

33. Plaintiff has suffered and will continue to suffer both irreparable injury and compensable damages as a result of Defendants' discriminatory practices unless and until this Honorable Court grants relief.

**WHEREFORE**, Plaintiffs respectfully prays for the following relief against Defendants:

a. Adjudge and decree that Defendants have violated the FCRA, and have done so willfully, intentionally, and with reckless disregard for Plaintiff's rights;

b. Enter a judgment requiring that Defendants pay Plaintiff appropriate back pay, benefits' adjustment, and prejudgment interest at amounts to be proved at trial for the unlawful employment practices described herein;

c. Enter an award against Defendants and award Plaintiff compensatory damages for mental anguish, personal suffering, and loss of enjoyment of life;

d. Require Defendants to reinstate Plaintiff to the position at the rate of pay and with the full benefits Plaintiff would have had Plaintiff not been discriminated against by Defendants, or in lieu of reinstatement, award front pay;

e. Award Plaintiff the costs of this action, together with a reasonable attorneys' fees; and

f. Grant Plaintiff such additional relief as the Court deems just and proper under the circumstances.

5

<u>**COUNT II**</u>
*Retaliation in Violation of the FCRA*

34. Plaintiff re-adopts each and every factual allegation as stated in paragraphs 1-22 of this complaint as if set out in full herein.

35. Plaintiff is a member of a protected class under the FCRA.

36. By the conduct describe above, Defendants retaliated against Plaintiff for exercising rights protected under the FCRA.

37. Defendants' conduct complained of herein was willful and in disregard of Plaintiff's protected rights. Defendants and its supervisory personnel were aware that discrimination on the basis of gender was unlawful but acted in reckless disregard of the law.

38. As a result of Defendants' actions, as alleged herein, Plaintiff has been deprived of rights, has been exposed to ridicule and embarrassment, and has suffered emotional distress and damage.

39. The conduct of Defendants, by and through the conduct of its agents, employees, and/or representatives, and Defendants' failure to make prompt remedial action to prevent continued discrimination against the Plaintiff, deprived the Plaintiff of statutory rights under state and federal law.

40. The actions of the Defendants and/or its agents were willful, wanton, and intentional, and with malice or reckless indifference to the Plaintiff's statutorily protected rights, thus entitling Plaintiff to damages in the form of compensatory and punitive damages pursuant to state and federal law, to punish the Defendants for its actions and to deter it, and others, from such action in the future.

41. Plaintiff has suffered and will continue to suffer both irreparable injury and compensable damages as a result of Defendants' retaliatory practices unless and until this Honorable Court

grants relief.

**WHEREFORE**, Plaintiffs respectfully prays for the following relief against Defendants:

g. Adjudge and decree that Defendants have violated the FCRA, and have done so willfully, intentionally, and with reckless disregard for Plaintiff's rights;

h. Enter a judgment requiring that Defendants pay Plaintiff appropriate back pay, benefits' adjustment, and prejudgment interest at amounts to be proved at trial for the unlawful employment practices described herein;

i. Enter an award against Defendants and award Plaintiff compensatory damages for mental anguish, personal suffering, and loss of enjoyment of life;

j. Require Defendants to reinstate Plaintiff to the position at the rate of pay and with the full benefits Plaintiff would have had Plaintiff not been discriminated against by Defendants, or in lieu of reinstatement, award front pay;

k. Award Plaintiff the costs of this action, together with a reasonable attorneys' fees; and

l. Grant Plaintiff such additional relief as the Court deems just and proper under the circumstances.

## COUNT III
### *Gender/Sex Discrimination in Violation of Title VII*

42. Plaintiff re-adopts each and every factual allegation as stated in paragraphs 1-22 above as if set out in full herein.

43. Plaintiff is a member of a protected class under Title VII.

44. By the conduct describe above, Defendants have engaged in discrimination against Plaintiff because of Plaintiff's gender/sex and subjected the Plaintiff to sex based and gender based animosity.

45. Such discrimination was based upon the Plaintiff's gender/sex in that Plaintiff would not have been the object of discrimination but for the fact that Plaintiff is a male.

46. Defendants' conduct complained of herein was willful and in disregard of Plaintiff's protected rights.  Defendants and their supervisory personnel were aware that discrimination on the basis of gender was unlawful but acted in reckless disregard of the law.

47. At all times material hereto, the employees exhibiting discriminatory conduct towards Plaintiff possessed the authority to affect the terms, conditions, and privileges of Plaintiff's employment with the Defendants.

48. Defendants retained all employees who exhibited discriminatory conduct toward the Plaintiff and did so despite the knowledge of said employees engaging in discriminatory actions.

49. As a result of Defendants' actions, as alleged herein, Plaintiff has been deprived of rights, has been exposed to ridicule and embarrassment, and has suffered emotional distress and damage.

50. The conduct of Defendants, by and through the conduct of its agents, employees, and/or representatives, and the Defendant's failure to make prompt remedial action to prevent continued discrimination against the Plaintiff, deprived the Plaintiff of statutory rights under federal law.

51. The actions of the Defendants and/or its agents were willful, wanton, and intentional, and with malice or reckless indifference to the Plaintiff's statutorily protected rights, thus entitling Plaintiff to damages in the form of compensatory and punitive damages pursuant to state and federal law, to punish the Defendants for their actions and to deter them, and others, from such action in the future.

52. Plaintiff has suffered and will continue to suffer both irreparable injury and compensable damages as a result of Defendants' discriminatory practices unless and until this Honorable

Court grants relief.

**WHEREFORE**, Plaintiffs respectfully prays for the following relief against Defendants:

m. Adjudge and decree that Defendants have violated Title VII, and have done so willfully, intentionally, and with reckless disregard for Plaintiff's rights;

n. Enter a judgment requiring that Defendants pay Plaintiff appropriate back pay, benefits' adjustment, and prejudgment interest at amounts to be proved at trial for the unlawful employment practices described herein;

o. Enter an award against Defendants and award Plaintiff compensatory damages for mental anguish, personal suffering, and loss of enjoyment of life;

p. Require Defendants to reinstate Plaintiff to the position at the rate of pay and with the full benefits Plaintiff would have had Plaintiff not been discriminated against by Defendants, or in lieu of reinstatement, award front pay;

q. Award Plaintiff the costs of this action, together with a reasonable attorneys' fees; and

r. Grant Plaintiff such additional relief as the Court deems just and proper under the circumstances.

<u>COUNT IV</u>
*Retaliation in Violation of Title VII*

53. Plaintiff re-adopts each and every factual allegation as stated in paragraphs 1-22 of this complaint as if set out in full herein.

54. Plaintiff is a member of a protected class under Title VII.

55. By the conduct describe above, Defendants retaliated against Plaintiff for exercising rights protected under Title VII.

56. Defendants' conduct complained of herein was willful and in disregard of Plaintiff's protected rights. Defendants and its supervisory personnel were aware that discrimination on the

9

basis of gender/sex was unlawful but acted in reckless disregard of the law.

57. As a result of Defendants' actions, as alleged herein, Plaintiff has been deprived of rights, has been exposed to ridicule and embarrassment, and has suffered emotional distress and damage.

58. The conduct of Defendants, by and through the conduct of its agents, employees, and/or representatives, and Defendants' failure to make prompt remedial action to prevent continued discrimination against the Plaintiff, deprived the Plaintiff of statutory rights under Federal and State law.

59. The actions of the Defendants and/or its agents were willful, wanton, and intentional, and with malice or reckless indifference to the Plaintiff's statutorily protected rights, thus entitling Plaintiff to damages in the form of compensatory and punitive damages pursuant to Federal and State law, to punish the Defendants for its actions and to deter it, and others, from such action in the future.

60. Plaintiff has suffered and will continue to suffer both irreparable injury and compensable damages as a result of Defendants' retaliatory practices unless and until this Honorable Court grants relief.

**WHEREFORE**, Plaintiffs respectfully prays for the following relief against Defendants:

s.  Adjudge and decree that Defendants have violated Title VII, and have done so willfully, intentionally, and with reckless disregard for Plaintiff's rights;

t.  Enter a judgment requiring that Defendants pay Plaintiff appropriate back pay, benefits' adjustment, and prejudgment interest at amounts to be proved at trial for the unlawful employment practices described herein;

u.  Enter an award against Defendants and award Plaintiff compensatory damages for

mental anguish, personal suffering, and loss of enjoyment of life;

v.  Require Defendants to reinstate Plaintiff to the position at the rate of pay and with the full benefits Plaintiff would have had Plaintiff not been discriminated against by Defendants, or in lieu of reinstatement, award front pay;

w.  Award Plaintiff the costs of this action, together with a reasonable attorneys' fees; and

x.  Grant Plaintiff such additional relief as the Court deems just and proper under the circumstances.

## COUNT IV

### Hostile Work Environment in Violation of the FCRA

59.  Plaintiff re-adopts each and every factual allegation as stated in paragraphs 1 through 22 of this Complaint as if set out in full herein.

60.  Defendant is an employer as that term is used under the applicable statutes referenced above.

61.  The foregoing allegations establish a cause of action for unlawful discrimination against Plaintiff, adversely affecting his rights under the FCRA.

62.  Plaintiff, a male and, thus, a member of a protected class under the FCRA.

63.  During his employment with Defendant, Plaintiff was subjected to unwelcome sex based verbal harassment and abuse by Shane.

64.  Defendant failed to provide proper training to it's employees, and as such, Shane believed it appropriate and acceptable, under Defendant's corporate culture, to behave in this manner.

65.  The harassment that Plaintiff endured was predicated on his being a male.

66.  The harassment Plaintiff endured was severe and pervasive where Plaintiff agonized going to work as he continually feared the harassment, ridicule, and abuse. Defendant's harassment of Plaintiff also made it unreasonably difficult for Plaintiff to complete his job duties in an efficient manner due to the purposeful lack of training, assistance, and/or support. Such

conduct occurred on a daily basis, was not isolated to a single occurrence, was demonstratively abusive, and altered the conditions of Plaintiff's employment.

67. Defendant is liable for this conduct, either vicariously or directly, where Plaintiff's supervisor or managers initiated, perpetuated and had knowledge of the harassment and abuse and no remedial or disciplinary actions were undertaken.

68. As a direct and proximate result of the foregoing unlawful acts and omissions, Plaintiff has suffered mental anguish, emotional distress, expense, loss of benefits, embarrassment, humiliation, damage to reputation, lost wages, loss of capacity for the enjoyment of life, and other tangible and intangible damages.

69. These damages are continuing and are permanent.

**WHEREFORE**, the Plaintiff respectfully requests that this Honorable Court enter judgment against the Defendant, find that the Defendant indeed violated the FCRA by failing to remedy this hostile work environment, and in addition, order the following additional relief:

y.  Declare that the acts complained of herein are in violation of the FCRA;

z.  Award Plaintiff compensatory damages for emotional distress, embarrassment and humiliation;

aa. Grant a permanent injunction enjoining the Defendant, its officers, successors, assigns, and all persons in active concert or participation with it, from engaging in any employment practice which discriminates;

bb. Reinstate Plaintiff to the same position he held before the retaliatory personnel action, or to an equivalent position;

cc. Reinstate full fringe benefits and seniority rights to Plaintiff;

dd. Order Defendant to make Plaintiff whole, by compensating Plaintiff for lost wages, benefits, including front pay, back pay with prejudgment interest;

ee. For a money judgment representing prejudgment interest;

ff. Award any other compensation allowed by law including punitive damages and attorneys' fees (448.104);

gg. Grant Plaintiff a trial by jury;

hh. Award Plaintiff the costs of this action, together with a reasonable attorneys' fees; and

ii. Grant Plaintiff such additional relief as the Court deems just and proper under the circumstances.

## JURY DEMAND

Plaintiff demands trial by jury of all issues triable as of right by jury.

Dated: December 18, 2023

Respectfully submitted,

*/s/ Daniel H. Hunt, Esq.*

Daniel H. Hunt, Esq.
Florida Bar No.: 121247
PO BOX 565096
Miami, FL 33256
dhuntlaw@gmail.com
Dan@themiamishark.com;
nicole@themiamishark.com
Telephone: (305) 495-5593
Facsimile: (305) 513-5723

Attorney for Plaintiff

13

# EXHIBIT A

EEOC Form 5 (5/01)

# CHARGE OF DISCRIMINATION

This form is affected by the Privacy Act of 1974. See enclosed Privacy Act Statement and other information before completing this form.

| Charge Presented to: | Agency(ies) Charge No(s): |
|---|---|
| _X_ FEPA (FCHR)<br>_X_ EEOC<br>___ MDCCHR | 510-2023-04306 |

EEOC – U.S. Equal Employment Opportunity Commission
FCHR – Florida Commission on Human Relations,
*State or local Agency, if any*

| Name (*indicate Mr. Ms. Mrs.*) | Home Phone (Incl. Area Code) | Date of Birth |
|---|---|---|
| Christopher Conduff | ███████ | ███████ |

| Street Address | City, State and ZIP Code |
|---|---|
| ████████ | Orlando FL 32810 |

Named is the Employer, Labor Organization, Employment Agency, Apprenticeship Committee, or State or Local Government Agency That I believe Discriminated Against Me or Others. (*If more than two, list under PARTICULARS below.*)

| Name | No. Employees, Members | Phone No. (Include Area Code) |
|---|---|---|
| Ring Power Corporation | 15+ | 904-737-7730 |

| Street Address | City, State and ZIP Code |
|---|---|
| 500 WORLD COMMERCE PKWY | ST AUGUSTINE, FL 32092 |

DISCRIMINATION BASED ON (*Check appropriate box(es).*)

___ RACE  ___ COLOR  _X_ SEX  ___ RELIGION  ___ NATIONAL ORIGIN

_X_ RETALIATION  ___ AGE  ___ DISABILITY  _X_ OTHER (Sex Harassment)

| DATE(S) DISCRIMINATION TOOK PLACE | |
|---|---|
| Earliest | Latest |
| March 2022 | March 2023 |
| ___ CONTINUING ACTION | |

THE PARTICULARS ARE (*If additional paper is needed, attached extra sheet(s)*):

I was a facilities team lead for the southern territory for Ring Power Corporation, a Florida Profit Corporation. I was an hourly employee earning $31 per hour. I was sexually harassed just under a year ago, complained to my supervisor, Mark Carter, about 5-6 months ago and then my employer did nothing and retaliated by fabricating a time sheet audit and terminating me without giving me an opportunity to defend myself. I can prove that the termination was retaliatory and based on made up facts.

I was offered a job [Facility Project Manager] by Shane Mclaughlin, a board member of Respondent Ring Power Corporation a few years back. I initially turned him down and he subsequently re-offered me a lower level position promising to promote me as fast as possible due to my qualifications. I worked for years without issue and my performance was stellar. I actually gave notice to my prior employer, Mtron PTI, to take the job that Shane offered me.

Shane offered me a job so he could try to start a sexual relationship with me. He sent many text messages, would get drunk and touch/kiss me over my objections and I objected strongly to these advances. In March of last year I told him that I was not interested in a relationship and we could be friends. Shane is Mark's supervisor so he is two levels over me.

Shane then let me know that he was very close with HR Rep Cindy Jones and that if I complained to her, she would do nothing. I considered the threats and implications and in September of last year I complained and disclosed everything to Mark. Mark did nothing and then in March of this year, I was fired for a pretextual reason.

When I was up for promotion to the position Shane had promised me, he made sure I didn't get the position. I spoke with him and he said he doesn't make the decision but Mark and Jeff Geisler would decide. The truth is that Shane has the final say and he said no to me because I would not engage in a sexual relationship with him. Mark told me that I was better qualified for the position and had the right demeanor for the position as compared to Joey Parks who Shane made sure got the job.

The company uses a computer GPS tracking system on my company truck and they (Shane) decided to audit my timesheets. My time sheets are audited weekly by Mark and there have never been issues with my time. Interestingly, last week, they decided that since my GPS tracking data from the vehicle didn't match the time sheets, they would fire me without letting me explain. Mark was aware that I had to regularly work outside of my scheduled hours (there were no set schedules anyway) because I was receiving text messages and electronic/phone communications from customers and other business related individuals when I wasn't using the company vehicle before and after I had parked the vehicle at home. Because I did this, my hours would be different from the GPS tracking in the vehicle.

EEOC-MDO
Received 03-06-2023

Though this seems simple and Mark was aware of the situation, Shane and HR wanted to get rid of me for two reasons. The first reason was that I turned down Shane's sexual advances and the second reason was to try to limit their legal exposure because I had complained to Mark about Shane's inappropriate sexual harassment.  Most of the harassment was done on a company phone that the respondent took back.  Copies of the phone bills will show text messages and phone calls from Shane well outside of work hours.

Shane's ex lover, Derek Blose, was well aware of Shane's behavior toward me and his goals/discussions about me. He will support my restatement of facts here as well as how Shane treated me.  Shane used his power to harass and try to take advantage of me as he was a board member and at the highest levels of the company.  Since he is Mark's direct supervisor, he had control over Mark's actions, chose not to hire me for the position that I was promised due to my refusal to start a relationship with him.  He also spearheaded my termination.  I have a belief that goes beyond a mere guess or assumption that this has been done by Shane with others at Respondent.

Throughout my employment I was able to perform the essential functions of my job duties and responsibilities, and at all relevant times I did perform my job at satisfactory or above-satisfactory levels. Any reason given by my employer for the adverse employment actions is mere pretext for unlawful discrimination and retaliation. I believe that I have been discriminated against in violation of Title VII, the Civil Rights Act of 1964, the Florida Civil Rights Act, and local laws.

| I want this charge filed with both the EEOC and the State or local Agency, if any.  I will advise the agencies if I change my address or phone number and I will cooperate fully with them in the processing of my charge in accordance with their procedures. | NOTARY – *When necessary for State and Local Agency Requirements* |
|---|---|
| I declare under penalty of perjury that the above is true and correct.<br><br>3/6/2023<br>_____<br>*Date*           *Christopher Conduff*<br>ID eSoh3MdUVa9twNS8cABP9LXC<br>*Charging Party Signature* | I swear or affirm that I have read the above charge and that it is true to the best of my knowledge, information and belief.<br>SIGNATURE OF COMPLAINANT<br><br>SUBSCRIBED AND SWORN TO BEFORE ME THIS DATE (*month, day, year*) |

EEOC-MDO
Received 03-06-2023

# EXHIBIT B

EEOC Form 161-B (01/2022)

## U.S. EQUAL EMPLOYMENT OPPORTUNITY COMMISSION

### NOTICE OF RIGHT TO SUE *(ISSUED ON REQUEST)*

| | | |
|---|---|---|
| To:  **Christopher Conduff** ▆▆▆▆▆▆ | From: | **Miami District Office** <br> **100 SE 2nd St, Suite 1500** <br> **Miami, FL 33131** |

| EEOC Charge No. | EEOC Representative | Telephone No. |
|---|---|---|
| **510-2023-04306** | **MARILYN CADAVID,** <br> Investigator | **(786) 648-5880** |

*(See also the additional information enclosed with this form.)*

**NOTICE TO THE PERSON AGGRIEVED:**

**Title VII of the Civil Rights Act of 1964, the Americans with Disabilities Act (ADA), or the Genetic Information Nondiscrimination Act (GINA):** This is your Notice of Right to Sue, issued under Title VII, the ADA or GINA based on the above-numbered charge. It has been issued at your request. Your lawsuit under Title VII, the ADA or GINA **must be filed in a federal or state court <u>WITHIN 90 DAYS</u> of your receipt of this notice**; or your right to sue based on this charge will be lost. (The time limit for filing suit based on a claim under state law may be different.)

> More than 180 days have passed since the filing of this charge.

> The EEOC is terminating its processing of this charge.

*Equal Pay Act (EPA): You already have the right to sue under the EPA (filing an EEOC charge is not required.)  EPA suits must be brought in federal or state court within 2 years (3 years for willful violations) of the alleged EPA underpayment.  This means that **backpay due for any violations that occurred <u>more than 2 years (3 years)</u> before you file suit may not be collectible.***

If you file suit, based on this charge, please send a copy of your court complaint to this office.

On behalf of the Commission

Digitally Signed By:Evangeline Hawthorne
09/19/2023

Enclosures(s)

**Evangeline Hawthorne**
**Director**

cc:   **Mark Carter**
**Ring Power Corp**
**500 World Commerce Pkwy**
**St Augustine, FL 32092**
**Kevin E Hyde**
**Foley & Lardner LLP**
**1 INDEPENDENT DR STE 1300**
**Jacksonville, FL 32202**

**Kyle Kenlay**
**kyle.k@themarbleway.com**
**Daniel H Hunt**
**Daniel H. Hunt, Esq.**
**PO BOX 565096**
**Miami, FL 33256**
**Nicole Paredes**
**nicole@themiamishark.com**

Enclosure with EEOC
Form 161-B (01/2022)

# INFORMATION RELATED TO FILING SUIT
## UNDER THE LAWS ENFORCED BY THE EEOC

*(This information relates to filing suit in Federal or State court under Federal law.*
*If you also plan to sue claiming violations of State law, please be aware that time limits and other*
*provisions of State law may be shorter or more limited than those described below.)*

**PRIVATE SUIT RIGHTS    --    Title VII of the Civil Rights Act, the Americans with Disabilities Act (ADA), the Genetic Information Nondiscrimination Act (GINA), or the Age Discrimination in Employment Act (ADEA):**

In order to pursue this matter further, you must file a lawsuit against the respondent(s) named in the charge **within 90 days of the date you *receive* this Notice**. Therefore, you should **keep a record of this date**. Once this 90-day period is over, your right to sue based on the charge referred to in this Notice will be lost. If you intend to consult an attorney, you should do so promptly. Give your attorney a copy of this Notice, and its envelope, and tell him or her the date you received it. Furthermore, in order to avoid any question that you did not act in a timely manner, it is prudent that your suit be filed **within 90 days of the date this Notice was *mailed* to you** (as indicated where the Notice is signed) or the date of the postmark, if later.

Your lawsuit may be filed in U.S. District Court or a State court of competent jurisdiction. (Usually, the appropriate State court is the general civil trial court.) Whether you file in Federal or State court is a matter for you to decide after talking to your attorney. Filing this Notice is not enough. You must file a "complaint" that contains a short statement of the facts of your case which shows that you are entitled to relief. Your suit may include any matter alleged in the charge or, to the extent permitted by court decisions, matters like or related to the matters alleged in the charge. Generally, suits are brought in the State where the alleged unlawful practice occurred, but in some cases can be brought where relevant employment records are kept, where the employment would have been, or where the respondent has its main office. If you have simple questions, you usually can get answers from the office of the clerk of the court where you are bringing suit, but do not expect that office to write your complaint or make legal strategy decisions for you.

**PRIVATE SUIT RIGHTS    --    Equal Pay Act (EPA):**

EPA suits must be filed in court within 2 years (3 years for willful violations) of the alleged EPA underpayment: back pay due for violations that occurred **more than 2 years (3 years) before you file suit** may not be collectible. For example, if you were underpaid under the EPA for work performed from 7/1/08 to 12/1/08, you should file suit before 7/1/10 – *not* 12/1/10 -- in order to recover unpaid wages due for July 2008. This time limit for filing an EPA suit is separate from the 90-day filing period under Title VII, the ADA, GINA or the ADEA referred to above. Therefore, if you also plan to sue under Title VII, the ADA, GINA or the ADEA, in addition to suing on the EPA claim, suit must be filed within 90 days of this Notice and within the 2- or 3-year EPA back pay recovery period.

**ATTORNEY REPRESENTATION    --    Title VII, the ADA or GINA:**

If you cannot afford or have been unable to obtain a lawyer to represent you, the U.S. District Court having jurisdiction in your case may, in limited circumstances, assist you in obtaining a lawyer. Requests for such assistance must be made to the U.S. District Court in the form and manner it requires (you should be prepared to explain in detail your efforts to retain an attorney). Requests should be made well before the end of the 90-day period mentioned above, because such requests do not relieve you of the requirement to bring suit within 90 days.

**ATTORNEY REFERRAL AND EEOC ASSISTANCE    --    All Statutes:**

You may contact the EEOC representative shown on your Notice if you need help in finding a lawyer or if you have any questions about your legal rights, including advice on which U.S. District Court can hear your case. If you need to inspect or obtain a copy of information in EEOC's file on the charge, please request it promptly in writing and provide your charge number (as shown on your Notice). While EEOC destroys charge files after a certain time, all charge files are kept for at least 6 months after our last action on the case. Therefore, if you file suit and want to review the charge file, **please make your review request within 6 months of this Notice**. (Before filing suit, any request should be made within the next 90 days.)

*IF YOU FILE SUIT, PLEASE SEND A COPY OF YOUR COURT COMPLAINT TO THIS OFFICE.*